IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO.  H-12-773 |
| | § | |
| ARMANDO ELIZONDO-MORENO | § | |

ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts are established by clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

Findings of Fact

[ ] A.  Findings of Fact [18 U.S.C. §§ 3142(e), (f)(1)].

[ ] (1)  The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

[ ]  a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

[ ]  an offense for which the maximum sentence is life imprisonment or death.

[ ]  an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

[ ]  a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

[ ] (2)  The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

[ ] (3)  A period of not more than five years has elapsed since the (date of conviction) (release of the defendant

from imprisonment) for the offense described in finding 1.

[ ] (4) Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[X] B.   Findings of Fact [18 U.S.C. § 3142(e)]

    [X] (1) There is probable cause to believe that the defendant has committed an offense

        [X]   for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. (X) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]   under 18 U.S.C. § 924(c).

    [ ]   an offense listed in section 2332b(g)(5)(B) of title 18 for which a maximum term of imprisonment of ten years or more is prescribed;

    [ ] an offense under chapter 77 [Peonage, Slavery, and Trafficking in Persons] of this title for which a maximum term of imprisonment of twenty years is prescribed;

    [ ] an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title.

    [X] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[ ] C.   Findings of Fact [18 U.S.C. § 3142(f)(2)]

    [ ] (1)

    [ ] (2) There is a serious risk that the defendant will flee.

    [ ] (3)

[ ] (4) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[ ] D.   Findings of Fact [18 U.S.C. § 3142(c)]

[ ] (1) As a condition of release of the defendant, bond was set as follows:

[ ] (2) While on bond, Defendant failed to comply with the above conditions.

[  (3) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

[ ] (4)

[ ] (5) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

<u>Written Statement of Reasons for Detention</u>

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required or the safety of the community.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1.  Defendant is a forty-eight-year-old citizen of Mexico who has permanent resident status in the United States.  His father is deceased and his mother lives in Rio Grande City, Texas.  A brother resides in Miguel Aleman, Mexico, and two sisters reside in Rio Grande City, Texas.  Several half-siblings reside in Texas and two other half-siblings reside in Mexico.

2.  Defendant has two families: a wife residing in Rio Grande City, Texas, whom he married thirty years ago, and four children from that marriage, three of whom are U.S. citizens (the Elizondo family).  Defendant travels to visit the Elizondo family every two

3

weeks.  Defendant also has a relationship with a permanent resident alien in Houston, Texas, and has four children with this woman (the Torres family).  Defendant resides with Ms. Torres and his children in a home that he owns without an encumbrance.  He also disclosed having $60,000 in savings and two vehicles with no liens, despite supporting two families on approximately $60,000 per year.

3.  The Elizondo family does not know about the Torres family.  Mrs. Torres believes herself to be married to Defendant.  So does Mrs. Elizondo.  Mrs. Elizondo believes that Defendant rents an apartment in Houston with several co-workers.  Mrs. Elizondo also related to Pretrial Services that Defendant "frequently" traveled to Miguel Aleman, Mexico, to visit family and for doctor visits.  Mrs. Elizondo is a legal permanent resident and has no employment.  Pretrial Services has deemed her unsuitable as a surety.  Ms. Torres was not interviewed.

4.  Defendant was untruthful to Pretrial Services about his present living/marital arrangements.

5.  It is alleged that Defendant is a trusted member of a drug trafficking organization.  Defendant delivered a sample of methamphetamine to a confidential informant and later delivered 225 grams of meth to the same informant, in exchange for $7,500.  Defendant admitted that he has acted in this capacity ten times over the course of eight years. The case agent believes that Defendant is understating his role in the organization.

6.  At the time of his arrest, evidence of current trafficking activity was found in Defendant's bedroom: a drug dog alerted to the presence of drugs, a small amount of methamphetamine was found in the bedroom, along with drug packaging materials – baggies, a scale, and rubber bands.  Consequently, the court finds that Defendant's role is larger in scope than that suggested by Defendant counsel that his client was nothing more than a low-level delivery boy.

7.  The case agent stated that the source of the methamphetamine resides in Mexico, which raises a question whether Defendant's frequent travel to Mexico is truly for familial or medical reasons.

8.  In light of the foregoing, the court finds that Defendant has failed to rebut the statutory presumption of flight and danger to the community.  Detention is ordered.

<u>Directions Regarding Detention</u>

4

It is therefore **ORDERED** that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed in Houston, Texas, this 27th day of December, 2012.

NANCY K. JOHNSON
UNITED STATES MAGISTRATE JUDGE